IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES NJAU,

    *Plaintiff*,

    v.

HARFORD COUNTY TAX
ASSESSMENTS & TAXATION
DEPARTMENT, *et al.*,

    *Defendants*.

Civil Action No. ELH-12-2660

## MEMORANDUM

In May 2012, in the Circuit Court for Harford County, Maryland, Charles Njau, the self-represented plaintiff, filed suit against the Harford County Tax Assessments and Taxation Department (the "Department") and the Harford County Property Tax Assessment Appeals Board (the "Appeals Board"). The suit was docketed in the state court as No. 12-C-12-001353 (the "State Court Action"). In his complaint in the State Court Action, Mr. Njau asserted a single count of "Discrimination In Tax Assessment," arguing that the value of an unimproved lot he owned in Harford County had been reassessed for tax purposes at a level much higher than that of other similarly situated unimproved properties. ECF 5-2 at 2-3. He contended that this "[d]iscrimination in taxes" was a "crude method of residential segregation to force unwanted resident (Plaintiff) to sell and move therefore denying his civil rights to hold on [sic] property which is against [the] Civil Rights Act."[1] *Id.* at 3.

---

[1] Mr. Njau did not specify a particular civil rights statute under which he brought his claims, nor did he disclose any personal attribute that would be a protected classification under federal, state, or local civil rights law.

On August 15, 2012, the state court issued a Memorandum Opinion and Order, *see* ECF 5-3, dismissing the State Court Action. The state court reasoned that, "to the extent that the Plaintiff is seeking judicial review of the decision of the local Property Tax Assessment Appeals Board, this case should be dismissed for the failure of the Plaintiff to exhaust all of his administrative remedies," and "to the extent that the Plaintiff is filing a claim for a civil rights violation under [42 U.S.C. § 1983], this case should be dismissed for (a) the failure to state a cause of action; [and] (b) the failure to name any defendant with the capacity to be sued." *Id.* at 5. According to the unofficial electronic docket for the State Court Action, available via the Maryland Judiciary's "Case Search" website (http://casesearch.courts.state.md.us/), on August 27, 2012, Mr. Njau noted an appeal of the circuit court's decision to the Maryland Court of Special Appeals.

On September 6, 2012, however, Mr. Njau initiated this federal action by filing in this Court an identical copy of his complaint from the State Court Action, *see* ECF 1, along with the full filing fee.[2] The "Case Search" docket indicates that Mr. Njau's appeal in the State Court Action was subsequently dismissed by the Court of Special Appeals, by Order of November 28, 2012, for failure to file an information report.

In any event, after being served with process in this action, the Appeals Board and the Department filed a "Motion to Dismiss or for Summary Judgment" ("Motion") (ECF 5), asserting that Mr. Njau's claim is deficient on four grounds: (1) it is barred by state sovereign immunity under the Eleventh Amendment; (2) it is prohibited by the Tax Injunction Act of 1937, 28 U.S.C. § 1341; (3) it is barred by the *Rooker-Feldman* doctrine; and (4) it fails to state a claim

---

[2] Notably, the caption of the complaint filed in this federal action remains "In the Circuit Court for Harford County."

upon which relief can be granted.[3]  The Motion was fully briefed,[4] and a hearing is not necessary to resolve it.  *See* Local Rule 105.6.

I will construe the Motion as a motion to dismiss, and will grant it.  As I will explain, to the extent that Mr. Njau seeks to have this Court review the ruling in the State Court Action, this action is barred by the *Rooker-Feldman* doctrine.  In the alternative, if Mr. Njau is merely attempting to assert the same claims in this Court that the state court already rejected, the action must be dismissed, on the Court's own initiative, on the basis of res judicata.  Therefore, I need not address defendants' additional arguments.

Federal district courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  As a self-represented litigant, Mr. Njau is entitled to a liberal construction of his pleadings.  *See, e.g.*, *Erickson v. Pardus*, 551 U .S. 89, 94 (2007).  But, liberal construction cannot save a complaint where subject matter jurisdiction is plainly lacking.  When "even a solicitous examination of the allegations" does not reveal anything "on which federal subject matter jurisdiction may be based," a self-represented litigant's complaint must be dismissed. *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

The *Rooker-Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court

---

[3] A second, identical copy of the Motion and its supporting documents was filed by defendants two days later.  *See* ECF 10 & 11.  Apparently, defendants did so in response to a notification from the Clerk that they had initially filed the Motion improperly, *see* ECF 8, although the original Motion had been docketed despite the deficiency.  In any event, the two copies of the Motion are identical and this Memorandum resolves both filings.

[4] I have considered plaintiff's Opposition (ECF 14) and its supporting documents (ECF 13).  Defendants elected not to file a reply.

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[5]  In other words, "the doctrine forbids claims that 'seek [ ] redress for an injury caused by the state-court decision itself' because they 'ask[ ] the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)) (alterations in *Adkins*); *accord Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).  The doctrine derives from 28 U.S.C. § 1257, a federal statute that vests the United States Supreme Court—and only the United States Supreme Court—with jurisdiction to hear appeals from state court decisions in cases raising questions of federal law.  *See Adkins*, 464 F.3d at 463-64.  The *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Ordinarily, a party to a state court proceeding is able to raise objections on the basis of applicable federal law or federal constitutional provisions in the state proceeding.  "'Under our system of dual sovereignty, . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'"  *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted).  Maryland law provides for appellate review, in Maryland state courts, of decisions of a state circuit court.  *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article.  The *Rooker-Feldman* doctrine precludes

---

[5] The name of the *Rooker-Feldman* doctrine derives from the two leading Supreme Court cases in which it has been articulated and applied: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

a federal district court from short-circuiting that process and directly reviewing the judgment of a state court. *See Stillwell*, 336 F.3d at 319 ("[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts."). Thus, to the extent that Mr. Njau seeks, in essence, to appeal in federal court the state court's rejection of his claims, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to consider such a suit.

In his Opposition, plaintiff argues that the *Rooker-Feldman* doctrine does not apply to this case, in light of the Supreme Court's decision in *Exxon Mobil*, *supra*, 544 U.S. 280, which he argues "significantly narrowed the general understanding of the Rooker-Feldman doctrine." Opposition at 4. Plaintiff contends that *Exxon Mobil* limited the *Rooker-Feldman* doctrine to "cases brought by *state supreme court losers* complaining of injuries caused by *state Supreme court* judgments rendered before the district court proceedings commenced," *id.* (emphasis added), thereby seeming to argue that, because he did not litigate his State Court Action to the highest appellate court in Maryland, the *Rooker-Feldman* doctrine does not apply.

Mr. Njau misreads *Exxon Mobil*. To be sure, the *Exxon Mobil* Court did "confine[ ]" the *Rooker-Feldman* doctrine, in response to lower federal court decisions that had construed the doctrine "far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with the jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S. at 283. However, the Supreme Court did not, as plaintiff suggests, limit the *Rooker-Feldman* doctrine to cases involving a decision of a state supreme court. Rather, *Exxon-Mobil*

confirmed that the *Rooker-Feldman* doctrine bars only federal actions "complaining of injuries *caused by state-court judgments*" themselves, *id.* at 284 (emphasis added), rather than federal actions that are merely parallel to concurrent state court actions, and which complain of the same alleged injuries that occurred outside of the judicial process. "When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292.

Thus, to the extent that plaintiff does not effectively seek appellate review of the decision in the State Court Action, but merely seeks to assert in this Court the same claims as he asserted in the State Court Action, the *Rooker-Feldman* doctrine would not bar his suit. Nevertheless, the *Exxon-Mobil* Court made plain that, even where the *Rooker-Feldman* doctrine does not apply, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law," and that the "Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id.* at 293 (citation omitted).

Therefore, even if the *Rooker-Feldman* doctrine does not bar plaintiff's suit, it is barred by the doctrine of claim preclusion, also known as "res judicata." The Latin phrase "*res judicata*," translated literally into English as "a thing decided," *see* BLACKS LAW DICTIONARY 1470 (rev. 4th ed. 1968), is the name of a legal doctrine that "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Id.* at 161-62 (quoting

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)); *see also Montana v. United States*, 440 U.S. 147, 153-54 (1979) (recognizing that res judicata avoids the "expense and vexation attending multiple lawsuits, conserves judicial resources," and avoids "inconsistent decisions"). In other words, it "serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citation omitted). Accordingly, where a court "'is on notice'" that the issues presented in a suit have been "'previously decided . . . , the court may dismiss the action *sua sponte*,'" *i.e.*, on its own initiative. *Arizona v. California*, 530 U.S. 392, 413 (2000) (citation omitted); *accord Eriline*, 440 F.3d at 655.

The applicable law for purposes of preclusion in federal court is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord Exxon Mobil*, 544 U.S. at 293. Under Maryland law, application of res judicata requires satisfaction of three conditions:

> "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation."

*Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140, 43 A.3d 999, 1002 (2012); *accord Powell v. Breslin*, 430 Md. 52, 63-64, 59 A.3d 531, 538 (2013).

It is abundantly clear that these conditions are satisfied here. The parties to this case are identical to the parties in the State Court Action; the complaint is a verbatim copy of the complaint in the State Court Action; the Circuit Court for Harford County issued a final judgment on the merits; and plaintiff noted an appeal to the Maryland Court of Special Appeals,

but his appeal was dismissed.[6]   Accordingly, even if the *Rooker-Feldman* doctrine is not a jurisdictional bar to this action, this Court must nevertheless give full faith and credit to the state court's judgment and dismiss this suit on the basis of res judicata.

It follows that I need not address defendants' arguments based on the Eleventh Amendment, the Tax Injunction Act, or the merits.  An appropriate Order follows.

Date:   July 9, 2013                                    _____/s/_____
                                                                    Ellen Lipton Hollander
                                                                    United States District Judge

---

[6] Notably, even if the appeal were still pending, the "Circuit Court's then-valid adjudication" would nevertheless be entitled to res judicata effect under Maryland law.  *Powell v. Breslin*, 430 Md. 52, 64, 59 A.3d 531, 538 (2013); *see generally id.* at 64-65, 59 A.3d at 538-39.  However, if the appeal were still pending, that fact might counsel a stay in this case pending the outcome of the appeal.  *See id.* at 66-70. 59 A.3d at 539-42.  The dismissal of the appeal removes any concern as to the propriety of dismissal of this case on res judicata grounds.